UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ARTERIA BIBBS,                )
                              )
        Petitioner,            )
                              )
v.                            )        No.:    1:16-CV-382-CLC
                              )
UNITED STATES OF AMERICA,      )
                              )
        Respondent.            )

## **MEMORANDUM**

Federal inmate Arteria Bibbs has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion, to which Bibbs has replied. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1] or delay ruling, and Bibbs' § 2255 motion will be denied.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Bibbs pleaded guilty to one count of possessing crack cocaine with intent to distribute on September 21, 2000 (Doc. 14 in No. 1:00-CR-84). He was designated a career offender under United States Sentencing Guideline ("Guideline(s)") § 4B1.1 based on two predicate convictions: (1) a 1994 Tennessee conviction for felonious reckless endangerment; and (2) a 1994 Tennessee conviction for attempted possession of cocaine for resale (Doc. 3 at 1). He was sentenced on

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

February 9, 2001, under a pre-*Booker*[2] Guidelines scheme, to serve 262 months of incarceration (Doc. 17 in No. 1:00-CR-84). His conviction and sentence were affirmed on appeal. *United States v. Bibbs*, 23 F. App'x 502 (6th Cir. 2001), *cert. denied*, *Bibbs v. United States*, 535 U.S. 1087 (2002).

Thereafter, Bibbs filed several unsuccessful motions seeking to vacate or reduce his sentence (*See* Docs. 28, 30, 31, 32-37, 38, 39-41, 46 in No. 1:00-CR-84). In 2016, Bibbs sought and obtained permission from the Sixth Circuit to file the instant successive petition based upon the Supreme Court's ruling in *Johnson v. United States*, which found the "residual clause" of the Armed Career Criminal Act unconstitutionally vague (Doc. 43, 44, 47-49 in No. 1:00-CR-84). *Johnson*, 135 S. Ct. 2251, 2563 (2015). The Sixth Circuit directed this Court to hold the motion in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (Doc. 47 in No. 1:00-CR-84). After *Beckles* was decided, the Government responded to the motion, as supplemented by Bibbs (Docs. 2, 3, 5). Bibbs also filed a reply to the Government's response (Doc. 6). In October 2018, Bibbs filed a motion to defer ruling on the instant § 2255 motion until the Supreme Court resolved the petition for certiorari in *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 2261 (2018) (Doc. 7). *Raybon* now having been concluded, this matter is ripe for review.

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

---

[2] In *United States v. Booker*, 543 U.S. 220, 245 (2005), the Supreme Court determined the Guidelines to be advisory.

Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

### III. DISCUSSION

In the instant § 2255 motion, Bibbs argues that the residual clause of § 4B1.2 is identical to the one held unconstitutional in *Johnson*, and therefore, his convictions are no longer career-offender predicates. *See Johnson v. United States*, 135 S. Ct. 2551 (2015); *see also Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (applying *Johnson* rule retroactively). In *Beckles v. United States*, 137 S. Ct. 886, 892-94 (2017), the Supreme Court held that the advisory sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles*, 137 S. Ct. at 892-94. Bibbs, however, argues that *Beckles* does not foreclose his claim, as he was sentenced under the mandatory Guidelines. *See United States v. Booker*, 543 U.S. 220, 245 (2005) (rendering Guidelines advisory).

Bibbs argument, however, is foreclosed by Sixth Circuit precedent. In *Raybon v. United States*, the Sixth Circuit determined that *Johnson* did not recognize a "right not to be sentenced as [a] career offender[] under the residual clause of the mandatory Sentencing Guidelines." *Raybon v. United States*, 867 F.3d 625, 631 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 2661 (2018); *see also Chambers v. United States*, No. 18-3298, 2019 WL 852295, at *1 (6th Cir. Feb. 21, 2019) ("*Johnson*'s holding does not extend to those sentenced under the Guidelines' residual clause in the pre-*Booker* era."). Therefore, Bibbs is not entitled to relief, and his motion will be denied.

### IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing

Section 2255 Proceedings for the United States District Courts. Bibbs must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Bibbs has failed to establish any basis upon which § 2255 relief could be granted, and his § 2255 motion (Doc. 2) will be **DENIED**. Bibbs' motion to defer ruling (Doc. 7) will be **DISMISSED** as moot. A COA from the denial of his § 2255 motion will be **DENIED**.

**An Order Will Enter.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**